704 So.2d 161 (1997)
Omar GUITTIEREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3950.
District Court of Appeal of Florida, Fourth District.
December 10, 1997.
Richard L. Jorandby, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
AFFIRMED.
GLICKSTEIN and POLEN, JJ., concur.
GROSS, J., concurs specially with opinion.
GROSS, Judge, concurring specially.
I agree that the conviction in this case should be affirmed. The defendant was convicted of sale of cocaine based on undercover officer Martinez's purchase of rock cocaine from the defendant. Several weeks after the sale took place, the defendant was arrested. He contended that he was not at the trailer on the night of the sale. Defense counsel suggested that the defendant's arrest may have resulted from his decision to stop working as an informant for law enforcement agencies. The defendant sought to testify about some type of statements made to him by unidentified law enforcement agents.
The trial court properly sustained the state's objection to this testimony. The proffer of testimony failed to demonstrate a sufficient connection to the law enforcement agency handling the undercover operation in this case. Additionally, the proffer was too vague under section 90.104(1)(b), Florida Statutes (1995), to preserve a hearsay issue whether the state can be a "party" within the meaning of section 90.803(18), Florida Statutes (1995), so that a criminal defendant can introduce as an admission the out-of-court statement of a member of a law enforcement agency involved in his case. See John William Strong, McCormick on Evidence § 259 (4th ed.1992); see also United States v. Kattar, 840 F.2d 118 (1st Cir.1988); United States v. Kampiles, 609 F.2d 1233 (7th Cir.1979); United States v. Santos, 372 F.2d 177, 180 (2d Cir.1967); United States v. Warren, 42 F.3d 647, 655 (D.C.Cir.1994); United States v. Morgan, 581 F.2d 933, 937-38 (D.C.Cir.1978); Edward J. Imwinkelried, Of Evidence and Equal Protection: The Unconstitutionality of Excluding Government Agents' Statements Offered as Vicarious Admissions Against the Prosecution, 71 Minn. L.Rev. 269 (1986); Randolph N. Jonakait, Biased Evidence Rules: A Framework for Judicial Analysis and Reform, Utah L.Rev. 67, 78-82 (1992); Irving Younger, Sovereign Admissions: A Comment on United States v. Santos, 43 N.Y.U. L.Rev. 108 (1968).