UNITED STATES of America,
Plaintiff,

v.

Gregory Ivan BAKSHINIAN,
Defendant.

No. CR 99–114 DDP.

United States District Court,
C.D. California.

Sept. 7, 1999.

David Fields, Assistant U.S. Attorney, Los Angeles, CA, for plaintiff.

Ronald Kaye, Deputy Federal Public Defender, Los Angeles, CA, for defendant.

## [AMENDED] ORDER RE MOTIONS IN LIMINE

PREGERSON, District Judge.

The government has charged defendant Gregory Ivan Bakshinian with possession of a counterfeit security and attempted bank fraud. The government alleges that Bakshinian committed these crimes as part

of a conspiracy with Bahram Khan Nabaie and Mkrtych Karagezyan. The Court granted a motion to sever the defendants' trials and Nabaie has already been tried and convicted.

Bakshinian now moves in limine to admit a statement made by the government in closing argument in the *Nabaie* trial. Bakshinian claims that the government's argument in the *Nabaie* trial asserts a theory of events that exculpates Bakshinian. Bakshinian therefore moves to introduce that statement at his trial. Additionally, Bakshinian moves in limine to prevent the government from asserting any theory at Bakshinian's trial that contradicts the theory presented by the government at Nabaie's trial.

The statement from Nabaie's trial that Bakshinian seeks to introduce reads:

> Well, Bakshinian was a young man who is being used by the defendant [Nabaie], and no doubt he may have had something to gain by this as well. He may have had a financial interest in getting some of the money, but this defendant was not duped by two young men in their 20's or late teens, not at all.

(Mot. at 2 & Ex. A.)

Bakshinian asserts that this statement is admissible as an admission of a party opponent pursuant to Federal Rule of Evidence 801(d)(2)(A). The government asserts that the statement should not be admitted.

To determine the admissibility of the statement, the Court must consider two separate issues: First, whether the statement is that of a party-opponent under Rule 801(d)(2)(A); and second, assuming the statement is that of a party-opponent, whether it passes the general requirements of Rules 401 and 403.

## I. Rule 801(d)(2)(A)—Statement of Party–Opponent

### A. Whether the Government is a Party–Opponent

To determine whether the statement should be admitted, the Court must first determine whether the government should be considered a "party-opponent" for purposes of Rule 801(d)(2)(A).

Bakshinian cites *United States v. Kattar*, 840 F.2d 118 (1st .Cir.1988) for the proposition that " 'the Federal Rules clearly contemplate that the federal government is a party-opponent of the defendant in criminal cases.' " *Id.* 840 F.2d at 130 (quoting *United States v. Morgan*, 581 F.2d 933, 937 n. 10 (D.C.Cir.1978)); *see also* Fed.R.Evid. 803(8)(C) (hearsay exception for factual findings in government investigations when used "against the Government in criminal cases").

At least one court has questioned this conclusion, however. In *United States v. Zizzo*, 120 F.3d 1338, 1351 n. 4 (7th Cir. 1997), the Seventh Circuit noted that "we generally decline to apply Rule 801(d)(2) to statements made by government employees in criminal cases." This was "[b]ased on the common law principle that no individual should be able to bind the sovereign." *Id.* *Zizzo* based this assertion on *United States v. Prevatte*, 16 F.3d 767, 779 n. 9 (7th Cir.1994), and *Zizzo* applied it to remarks made by a government prosecutor.[1]

*Zizzo*'s assertion fails to take into account the difference between government prosecutors and other government agents. *Prevatte* explained that statements by government agents should not be considered those of a party-opponent " '[b]ecause the agents of the Government are supposedly disinterested in the outcome of a trial and are traditionally unable to bind the sover-

---

1. Although *Zizzo* suggested that the party-opponent rule did not apply, it did not base its decision on this conclusion. Instead, *Zizzo* held that the proffered evidence at issue in that case was excludable even if it were a statement of a party-opponent. *Id.* 120 F.3d at 1351–52 ("[E]ven if Marcello could convince us that the statements qualified as non-hearsay under Rule 801(d)(2)(D), the judge cited a number of reasons why he felt the statements should be excluded, any one of which supports his exercise of discretion.")

eign[. Therefore,] their statements seem less the product of the adversary process and hence less appropriately described as admissions of a party.'" *Id.* 16 F.3d at 779 n. 9 (quoting *United States v. Kampiles,* 609 F.2d 1233, 1246 (7th Cir.1979)).[2]

▮▮▮ While these arguments might apply to government agents, they do not apply to a government prosecutor. First, government prosecutors have the power to bind the sovereign. For example, a "promise made by one attorney must be attributed, for [*Brady* ] purposes, to the Government." *Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Also, a prosecutor who reaches a plea agreement with a defendant binds the government to that agreement. *See, e.g., United States v. Benchimol,* 471 U.S. 453, 105 S.Ct. 2103, 85 L.Ed.2d 462 (1985); *see also Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Second, a prosecutor should not be "disinterested in the outcome" of a prosecution, making *Prevatte* 's explanation inapposite. *See, e.g., Kalina v. Fletcher,* 522 U.S. 118, 118 S.Ct. 502, 508, 139 L.Ed.2d 471 (1997) (prosecutor's role as advocate). Thus, *Zizzo* stretched *Prevatte* 's analysis past the breaking point by applying to government prosecutors a rule that properly applies only to other government agents.

Therefore, the Court declines to follow *Zizzo* 's suggestion and instead follows the numerous courts that have applied the party-opponent rule to statements by a government prosecutor. *See, e.g., United States v. Salerno,* 937 F.2d 797, 811–12 (2d Cir.1991) (statement of government prosecutor); *Kattar,* 840 F.2d 118; *Morgan,* 581 F.2d 933; *see also, United States v. Warren,* 42 F.3d 647, 655 (D.C.Cir.1994) (statement of government agent); *United States*

*v. DeLoach,* 34 F.3d 1001, 1005 (11th Cir. 1994) (statement of government prosecutor); *United States v. American Telephone & Telegraph Company,* 498 F.Supp. 353, 357–58 (D.D.C.1980) (statements of government agencies).[3]

▮▮▮ In the matter presently before the Court, the government does not assert that it should not be deemed the defendant's party-opponent for purposes of Rule 801(d)(2)(D). In light of this and in light of the previous discussion, the Court holds that the statement by the government prosecutor in the *Nabaie* trial is that of a party-opponent.

**B. Whether to Apply the *McKeon* Factors**

As noted earlier, however, the conclusion that the government is a party-opponent does not end the Court's inquiry. The government asserts that the mere fact that the statement was that of a party-opponent is insufficient to make the statement admissible.

The government contends that the Court should follow the analysis set out by the Eleventh Circuit in *DeLoach,* 34 F.3d 1001. In that case, defendant DeLoach and codefendant Brown were indicted together on various charges. *See id.* at 1002–3. Brown had earlier been tried on related charges. *See id.* At DeLoach's trial, the defense sought to introduce statements made by the government prosecutor at Brown's trial, arguing that the statements were inconsistent with the government's position in the *DeLoach* trial and should be deemed admissions within Rule 801(d)(2)(D). *See id.* at 1005. The trial court excluded the evidence and DeLoach was convicted. DeLoach appealed that ruling.

**2.** It should be noted that some have criticized this rule even as applied to government agents. *See e.g.,* Imwinkelried, Of Evidence and Equal Protection: The Unconstitutionality of Excluding Government Agents' Statements Offered as Vicarious Admissions Against the Prosecution, 71 *Minn.L.Rev.* 269 (1986).

**3.** *See also Guittierez v. Florida,* 704 So.2d 161 (Fla.Dist.Ct.App.1997) (concurrence) (discussing party-opponent provision of Florida rules of evidence); *Freeland v. United States,* 631 A.2d 1186, 1191–94 (D.C.1993) (applying Rule 801(d)(2)(D) to statement by prosecutor).

The Eleventh Circuit noted that De-Loach based his argument on two Second Circuit cases, *Salerno*, 937 F.2d at 811–12, and *United States v. McKeon*, 738 F.2d 26 (2d Cir.1984). The *DeLoach* court then applied the analysis the Second Circuit used in *McKeon*. As will be shown, this was inappropriate.

In *McKeon*, the Second Circuit considered the question of whether a defendant's argument made at one trial may be used by the government as a statement of a party-opponent at a re-trial of the defendant on the same charge. *Id.* at 28–29. The *McKeon* court first determined that such a statement would come within the scope of the party-opponent rule. *Id.* at 30–32 (comparing initial statement to superseded pleading admissible against pleader). The court then noted, however, that the use of a prior statement against a defendant raises serious dangers to a criminal defendant's trial rights and "must be circumscribed in order to avoid trenching upon [these] other important policies." *Id.* at 32.

First among the "important policies" identified by *McKeon* is the danger that the use of such evidence would consume substantial time. *Id.*

Second is the danger that the use of the defendant's arguments against him in a later proceeding would be unfair: "In criminal cases, the burden rests on the government to present a coherent version of the facts, and defense counsel may legitimately emphasize the weaker aspects of the government's case." *Id.* This creates the danger that when the defense changes strategies from one trial to another, the jury may be "misled as to the government's obligation to prove all the elements at both trials." *Id.*

"Third, the free use of prior jury argument may deter counsel from vigorous and legitimate advocacy.... Counsel should not, except when the truth-seeking purpose clearly demands otherwise, be deterred from legitimate argument by apprehension about arguments made to a jury in an earlier trial." *Id.*

"Fourth, where an innocent factual explanation of a seeming inconsistency created by the prior ... statement exists, the offer of that explanation may seriously affect other rights of the defense." *Id.* For example, the defendant may be forced to take the stand to explain the prior statements or may be forced to waive attorney-client privileges to explain his counsel's statements in a previous case. "These Hobson's choices may thus seriously impair the defense." *Id.*

Finally, "the admissibility of a prior opening statement may lead to the disqualification of counsel chosen by the defendant" if counsel is forced to become a witness to explain the prior statements. *Id.* at 33. This is "a most serious consequence." *Id.*

For these reasons, the Second Circuit "circumscribe[d] the evidentiary use of prior jury argument." *Id.* Specifically, the court held that before permitting its use, the trial court must be satisfied that: (1) The prior statement was a statement of fact inconsistent with statements of fact in a subsequent trial, excluding speculation, advocacy, and argument; (2) the inconsistency must be clear "and of a quality which obviates any need for the trier of fact to explore other events at the prior trial," *id.;* (3) the statements must be the "equivalent of testimonial statements by the defendant," which means that if the statements were made by counsel, "[s]ome participatory role of the client must be evident," *id.;* and (4) the trial court should hold a hearing outside the presence of the jury, weigh any innocent explanations for the inconsistency, and exclude the evidence if it is in "equipose or the preponderance favors an innocent explanation" in order to allow advocacy and to "lessen the burden of choice between the defendant's not explaining the inconsistency to the jury or sacrificing other valuable rights," *id.*

Upon consideration of *McKeon*'s reasoning, it is clear that much of its analysis is restricted to the use of a defendant's prior statements and is thus inapplicable

to prior statements of the government. For example, while the possibility of wasting time would apply to the defendant and the government alike, the possibility that the jury will be misled as to the government's burden applies only to the defendant. *McKeon* noted that because the government bears the burden of proving every element of the offense, the defense need not attack each element in each proceeding and can instead focus only on certain weaknesses. *Id.* at 32. This may mislead the jury. *Id.* The government, however, cannot rely on this argument: it bears the burden of proving every element in every proceeding. Therefore, if the government's prior statement weakens its present case as to a certain element, the government cannot complain that the jury may misunderstand the government's burden.

*McKeon* also noted that the admission of prior arguments may deter "vigorous and legitimate advocacy." *Id.* Again, this argument applies only to the defendant. Because the burden of proof is on the government, the defendant need only argue that the government has not met that burden and that something other than the government's theory might have actually occurred.

██ Thus, while the defense may not make false statements to the jury, it is entitled to greater leeway than the government because the defense need not prove anything. The government, however, bears the burden of convincing the jury that particular facts occurred and, moreover, between one trial and another, the government may not take inconsistent positions as to what occurred. *See e.g., Thompson v. Calderon,* 120 F.3d 1045, 1058 (9th Cir.), reversed on other grounds 523 U.S. 538, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998). Thus, the fact that the government's statements in a previous trial might be admitted in a later trial will not hinder proper advocacy by the government.

Finally, *McKeon* identified important rights that could be hampered by admitting all prior arguments by a defendant, rights such as the right against self-incrimination, the right to counsel of one's choice, and the attorney-client privilege. *McKeon,* 738 F.2d at 32–33. The government does not enjoy Fifth Amendment rights, it does not have a constitutional right to counsel, and while it enjoys attorney-client privilege, the burden on the government's privilege is not as harmful as the burden on that of a criminal defendant.

In *DeLoach,* the Eleventh Circuit considered the admissibility of a prior statement by a government prosecutor and found that the statement failed to meet the "requirements set out in *McKeon*" because it was not a statement of fact and it was not inconsistent with the prosecution's position in the later case. *DeLoach,* 34 F.3d at 1005. The Eleventh Circuit therefore found that the statement was inadmissible. *Id.* at 1006.

██ However, as noted, *McKeon*'s "requirements" were applied to a defendant's statement, not a statement by the government prosecutor. *McKeon*'s reasoning breaks down when applied to a government prosecutor. Therefore, the Court will not follow *DeLoach* by applying the *McKeon* requirements.[4] Instead, the Court will consider the admissibility of the government prosecutor's statement in a manner similar to any statement offered pursuant to Rule 801(d)(2)(D). In so doing, the Court acts consistently with courts that considered the admissibility of prior statements by the government without applying the *McKeon* requirements. *See, e.g., Kattar,* 840 F.2d 118.

Though the Court rejects the application of the specific *McKeon* requirements to

---

4. In *Salerno,* the Second Circuit considered a prior statement by a government prosecutor and applied the *McKeon* factors. *Salerno,* 937 F.2d at 811–12. However, the precedential value of *Salerno* is weak. First, the *Salerno* court noted that it was "not necessary to reach this issue in order to decide this appeal...." *Id.* at 811. Additionally, *Salerno* held that the prior statements of the government prosecutor were admissible in a later trial. *Id.* at 812. Thus, the application of the *McKeon* requirements was not dispositive.

this case, this does not necessarily mean that all prior statements by government prosecutors are per se admissible. Instead, it means only that the admissibility of the statements is not determined by a standard more demanding than any other statement offered under the party-opponent rule.

The government asserts that the comments of the prosecutor at the *Nabaie* trial were "neither assertions of fact nor inconsistent with the government's position in the instant case." (Opp. at 6.) According to the government, the statement was merely "an inference and a conclusion the jury in the *Nabaie* trial could have drawn...." (*Id.*) Further, the government asserts that the statements "were made during closing argument, and should not be considered as evidence," consistent with the general doctrine that argument is not evidence. (*Id.* 7–8 (citing Ninth Circuit Model Jury Ins. No. 3.5).)

■ To the extent the government claims that the prior statements are not assertions of fact or evidence, this argument must be rejected. The theory of admissibility of a statement of a party opponent is that "it is ridiculous for a party-litigant to complain that his or her out-of-court statement is not subject to the safeguard of cross-examination. The party has but to take the stand." McLaughlin, et al., *Weinstein's Federal Evidence* § 801.20[1] (2d ed.1999).

Based on this theory, "[n]o guarantee of trustworthiness is required in the case of an admission." Fed.R.Evid. 801, 1972 Adv.Comm. Notes. Thus, admissions are

exempt from the "restrictive influences of the opinion rule and the rule requiring firsthand knowledge," which "calls for generous treatment of this avenue to admissibility." *Id.; see also* McLaughlin, *supra,* at § 801.20[2].[5]

■ The government's statement in the *Nabaie* trial falls within the "generous treatment" of party-opponent statements. While the government claims that the statement should be excluded because it was not "evidence," opinions are freely admissible when made by a party-opponent. *See, e.g., Washington Public Power Supply Sys. v. Pittsburgh–Des Moines Corp.,* 876 F.2d 690, 696–97 (9th Cir.1989); Owens v. Atchison, T. & S. F. Ry. Co., 393 F.2d 77, 79 (5th Cir.1968) ("[I]t is well settled that the opinion rule does not apply to a party's admissions.").

To the extent the government asserts that the statements were merely invitations to the jury to draw certain inferences, such statements could be admissible to show how the government construed the evidence. This goes to the credibility of the government's case. For example, in the *Nabaie* trial, the government asserted that the evidence supported the conclusion that Nabaie was the leader of the conspiracy. Though this statement is not "evidence" it is a statement about the evidence and it reflects on the evidence in Bakshinian's case. The government cannot exclude it based on arguments that it is not "evidence" or not "testimonial." Because the government is a party-opponent, the statement falls within the scope of Rule 801(d)(2).[6]

---

5. This theory of admissibility runs through other types of admissions. For example, a party's statement in a pleading can be used against that party even if the party later explains that the statement was in error. *See e.g., Huey v. Honeywell, Inc.,* 82 F.3d 327, 333 (9th Cir.1996) ("If the agent made the admission without adequate information, that goes to its weight, not to its admissibility."); Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* ¶ 8:434 (1999) (discussing pleading as evidence).

6. This discussion illustrates another flaw in applying to a prosecutor's statement the rule *McKeon* established regarding a defendant's statements. A defendant in a criminal trial bears no burden of proof. A defendant need not affirmatively establish any fact and the entire defense can merely point to weaknesses in the prosecution's case. Thus, a defendant's argument may have no "testimonial" or "evidentiary" value: To the extent the defendant merely argues that the government has failed to *prove X,* the defendant's argument says nothing about whether *X* occurred. Therefore, *McKeon* distinguished between "testimo-

## II. Rules 401 and 403—Relevance and Confusion or Waste of Time

Though the evidence falls within the scope of Rule 801(d)(2), the Court must still consider whether it is relevant under Rule 401 and whether it should be excluded pursuant to Rule 403. *See* McLaughlin, *supra,* § 801.20[2], at pp. 801–43. At this point, the Court cannot conclusively determine this issue.

As to Rule 401, while the previous statement could be relevant, at this point the theories of the prosecution and the defense are unknown. The fact that Bakshinian was not the leader of the conspiracy may or may not be relevant depending on the theories the parties present at trial. For example, if the government argues that Bakshinian was the mastermind of the scheme, the prior statement would obviously be relevant. However, if the government argues that Nabaie was the mastermind and that Bakshinian willingly acted in complicity with Nabaie, the prior statement becomes less relevant to "any fact that is of consequence to the determination of the action. . . ." Fed.R.Evid. 401.

As to Rule 403, without knowing the relevance of the prior statement, the Court cannot make an appropriate Rule 403 weighing determination. However, the Court notes that the admission of a statement by the government in a prior case would raise substantial dangers of confusing the jury and wasting time.

First, a jury may have difficulty determining the probative value to attach to an argument by the prosecutor in a prior case. For example, instead of considering the statement as mere evidence, the jury

could incorrectly conclude that it has an estoppel effect. Second, if the statement is admitted, the government would then be entitled to an opportunity to explain away the defense's inferences from the statement. This would require that the jury be informed of the evidence introduced and the arguments made at the prior trial, which could be unduly time-consuming.

In sum, the Court holds that the statement of the government prosecutor falls within the party-opponent rule, the Court will not apply the *McKeon* requirements, and the admissibility of the statement at trial will be considered under typical Rule 402 and Rule 403 standards. In light of the state of the evidence at this time, the Court finds that the likelihood of confusion and waste of time outweighs the probative value of the statement.

The defense is ordered to refrain from introducing or referring to the prior statement unless and until the Court rules in its favor. Further, any request for such a ruling must be made out of the presence of the jury.

## III. Inconsistent Theories

■ Bakshinian also moves in limine for an order precluding the government from presenting a theory in Bakshinian's trial that is inconsistent with the theory the government presented in the Nabaie trial. "[I]t is well established that when no new significant evidence comes to light a prosecutor cannot, in order to convict two defendants at separate trials, offer inconsistent theories and facts regarding the same crime." *Thompson,* 120 F.3d at 1058.

The government does not dispute this rule and asserts that its theory in the Bakshinian trial will be consistent with its theory in the Nabaie trial.[7]

nial" and "nontestimonial" arguments by the defense.

The government, however, bears the burden of convincing the jury that certain facts occurred. Therefore, the government's arguments will generally present a story to the jury and assert that the evidence shows that this story actually occurred. Such statements are clearly "testimonial."

7. There is an obvious relationship between the issue of the government's prior statement

and the issue of consistent theories of prosecution. To the extent that a prior statement might be admissible in a later case, the government will be encouraged to consider severed cases as a related whole, with a consistent theory of prosecution running through all of the cases. (This is merely a general observation. It is not meant to imply that the Court believes the government would have offered inconsistent theories in this case.)

## IV. Conclusion

For the time being, the Court denies Bakshinian's motion regarding the government's statement in the Nabaie trial. The Court grants Bakshinian's motion as to consistent theories.

IT IS SO ORDERED.