834 So.2d 265 (2002)
Randy L. GARLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3067.
District Court of Appeal of Florida, Fourth District.
December 4, 2002.
Rehearing Denied January 22, 2003.
*266 Richard L. Rosenbaum of the Law Offices of Richard L. Rosenbaum, Fort Lauderdale, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant and a co-defendant, Cameron Tindal, were tried together and convicted of first degree murder. A different panel of this court reversed Tindal's conviction for a new trial based on improper closing arguments by the prosecutor. Tindal v. State, 803 So.2d 806 (Fla. 4th DCA 2001). Because that same issue is raised in this case, and we agree with Tindal, we reverse for a new trial. We also address the issue of whether a report prepared by an agent of the government is admissible against the government as an admission by a party opponent, an exception to the hearsay rule.
The facts as reflected in our opinion in Tindal show that appellant, Tindal, and Tony Hayes drove together to the area in which the shooting occurred. According to the testimony of a witness named Robinson, appellant pulled out a gun and shot the victim. Hayes also identified appellant as the shooter.
The first officer to arrive at the crime scene, after gathering information, identified Hayes as the shooter in his report. A detective had taken a sworn statement from Hayes as well as gunshot residue swabs. A Florida Department of Law Enforcement technician tested the gunshot residue swabs taken from Hayes and prepared a report stating that trace amounts of gunshot residue were present, but that the amount was not "forensically significant."
The state did not introduce this report in evidence; however, Tindal did attempt to introduce the FDLE report into evidence under the exception to the hearsay rule provided by section 90.803(18)(d), Florida Statutes (2001)(admission by an agent of a party-opponent).
*267 The court did not allow it in, and in Tindal we determined that this was at most harmless because the contents of the report were discussed by witnesses and the jury was aware of what was in the report. Because the admissibility of the report is likely to again arise on retrial, we address the issue.[1]
The ruling is supported by a minority of federal courts, which have held that, in a criminal case, the government is not a party-opponent so as to make an admission of an agent of the government admissible as an exception to the hearsay rule. United States v. Kampiles, 609 F.2d 1233, 1246 (7th Cir.1979)("Because the agents of the Government are supposedly disinterested in the outcome of a trial and are traditionally unable to bind the sovereign, their statements seem less the product of the adversary process and hence less appropriately described as admissions of a party."); United States v. Santos, 372 F.2d 177 (2d Cir.1967).
Most federal courts, however, hold such statements admissible. United States v. Kattar, 840 F.2d 118 (1st Cir.1988); United States v. Barile, 286 F.3d 749 (4th Cir.2002); United States v. Ramirez, 174 F.3d 584 (5th Cir.1999); United States v. Reed, 167 F.3d 984 (6th Cir.1999); United States v. Morgan, 581 F.2d 933 (D.C.Cir. 1978); United States v. Van Griffin, 874 F.2d 634 (9th Cir.1989).
This issue has not been decided in Florida in a criminal case; however, statements of government employees have been held admissible in civil cases in which the government is a party. Lee v. Dep't of Health & Rehabilitative Servs., 698 So.2d 1194 (Fla.1997); Costa v. Sch. Bd., 701 So.2d 414 (Fla. 4th DCA 1997).
In Guittierez v. State, 704 So.2d 161 (Fla. 4th DCA 1997), the majority affirmed without opinion, but Judge Gross specially concurred, explaining that the trial court was correct in not allowing the defendant to testify as to oral statements made to him by unidentified law enforcement agents because the proffer was too vague.
We conclude that the majority view, which admits such evidence, is the better view. It is supported by Professor Younger who suggested that it is consistent "with the most deeply rooted of common-law traditions." Irving Younger, Sovereign Admissions: A Comment on United States v. Santos, 43 N.Y.U. L.Rev. 108, 115 (1968). As Professor Younger has written:
The evenhandedness of justice as between subject and sovereign is a reassuring doctrine, and especially so its corollary: that, at a minimum, the law of evidence regulates the mode of proof impartially for the subject and for the sovereign. The hearsay rule that troubles the former equally vexes the latter; the exceptions to the hearsay rule that ease the latter equally comfort the former.
Before admitting this type of evidence, however, a trial court must first determine that there is "sufficient independent indicia of reliability" to justify admitting it. United States v. Durrani, 835 F.2d 410, 425 (2d Cir.1987). The fact that the report in this case shows only trace amounts of gunshot residue which were *268 not "forensically significant," does not mean it is not reliable, but rather goes to the weight to be given this evidence by the jury.
In this case the essence of the defense was, as our opinion in Tindal reflects, that Hayes was the shooter. Hayes was also a key witness who identified appellant as the shooter and testified that he had not used a firearm. This report showing gunshot residue on Hayes was relevant not only as to whether he was the shooter, but also as to his general credibility and should have been admitted.
Reversed.
GROSS and TAYLOR, JJ., concur.
NOTES
[1] We have not overlooked the state's argument that it was only Tindal, and not appellant, who attempted to put the report in evidence. However, this case must be retried irrespective of this issue. Counsel for appellant and Tindal were presenting a unified defense in which they were avoiding duplication. Once the court ruled that the report was not admissible, it would have served no purpose for appellant to belabor the point. See Young v. State, 664 So.2d 1144 (Fla. 4th DCA 1995)(the law does not require a useless act).