CRAWFORD, Judge
(dissenting in part and concurring in the result):
I respectfully dissent from the majority’s application of United States v. Walters, 58 M.J. 391 (C.A.A.F.2003), to the facts of this ease. I concur, however, in the result because this case can and should be decided on the basis of judicial estoppel. If it were not for the prosecutor’s argument at trial that the members’ findings pertained not to Appellant’s December 2001 use of marijuana but rather to his use on another occasion, this ease could be affirmed, because the facts are easily distinguishable from those of Walters.
In the military justice system, administrative and nonjudicial action may be taken against a servicemember for a violation of the Uniform Code of Military Justice (UCMJ), with regard to, such as in this case, the wrongful use of a controlled substance. Administrative punishment may be imposed under the provisions of Article 15, UCMJ, 10 U.S.C. § 815 (2000). In this case, Appellant was given punishment under Article 15 for the wrongful use of a controlled substance in December 2001. While we have held that the prior punishment does not constitute double jeopardy and preclude a court-martial, we have also held that “an accused must be given complete credit for any and all nonjudicial punishment.” United States v. Pierce, 27 M.J. 367, 369 (C.M.A.1989). Because of the potential overlap, the military judge informed the parties that she planned to instruct the members that Appellant was entitled to credit for the Article 15 punishment because the underlying facts for the finding of guilty and the Article 15 punishment may have been the same. The prosecutor objected to this instruction.
Judicial estoppel precludes a party from successfully asserting a position in a proceeding and then asserting an inconsistent position later. See Lowery v. Stovall, 92 F.3d 219, 223 (4th Cir.1996) (approving courts’ use of the doctrine to preclude such changes in position); United States v. McCaskey, 9 F.3d 368, 378 (5th Cir.1993) (identifying one of the policies underlying judicial estoppel doctrine as “preventing internal inconsistency”). It is an effective tool for discouraging or preventing the prosecutorial inconsistency that occurred in this case. Judicial estoppel would bar the prosecution in this case from advocating at this Court a position inconsistent with that of the trial prosecutor, who had a chance to hear all the evidence and observe the demeanor of the members and the witnesses.
As noted above, the prosecutor’s argument in this ease renders futile any attempt to distinguish the cases cited by Appellant, although they are otherwise distinguishable. In Walters, the accused was charged with using ecstasy on divers occasions. 58 M.J. at 392. Walters pleaded not guilty and the Government presented credible evidence of as many as six instances of drug use. The members found Walters guilty of one single use of ecstasy by excepting the words, “on divers occasions,” but they did not specify which of the six instances formed the basis for their finding. Id. at 392-94. In contrast here, while Appellant was charged with using marijuana on divers occasions, the evidence introduced by the Government at trial, which included a positive urinalysis and Appellant’s confession to marijuana use in December, *194 clearly formed the basis for the members’ finding. Although two witnesses testified as to other alleged uses, this case is factually distinguishable from Walters. Appellant confessed and, while trial counsel moved to suppress Appellant’s confession once it was admitted, the confession was not discredited. In both defense counsel’s opening statement and closing argument on the findings, he practically invited the members to find Appellant guilty of the instance reflected in the confession. In his opening statement, he said: “[Tjhere’s evidence of one single use, but there’s not evidence of divers uses on different occasions.” In his findings argument, he told the members that Appellant “admits that he wrongfully used marijuana in his 1 December statement. That’s not in dispute. In fact, his statement is corroborated by the fact that his drug screen came back positive for marijuana when he checked into the hospital.” The defense did not try to cross-examine Government witnesses as to this evidence or contradict Appellant’s confession.
The prosecutor, in his misguided zeal, tried to prevent the panel from giving Appellant any credit for the prior Article 15 punishment relating to the same use that defense counsel mentioned in his opening and closing statements. The prosecutor wanted the Article 15 punishment to be considered a matter in aggravation that would not serve to reduce the sentence. In this instance, I would apply the logic of Military Rule of Evidence (M.R.E.) 801(d)(2)(C), (D) to resolve the question of whether the prosecutor’s statement at trial as to his beliefs is binding on the Government. At least, the argument to the military judge shows there is more than one incident that may have been subject to the Article 15 punishment, thus raising the issue of whether the Court of Criminal Appeals could affirm the conviction for one of the several incidents set forth in the Government’s case. United States v. Salerno, 937 F.2d 797, 811-12 (2d Cir.1991); see also United States v. Bakshinian, 65 F.Supp.2d 1104, 1106 (C.D.Cal.1999) (requiring the state to abide by promises made by prosecutors). The statements of the prosecutor bind the Government, or at least result in judicial estoppel. See, e.g., United States v. Kattar, 840 F.2d 118, 130-31 (1st Cir.1988); see also United States v. Johnson, 28 F.3d 1487, 1496 (8th Cir.1994) (stating that the Government’s original bill of particulars would have been admissible if inconsistent with the charge later before the court).
M.R.E. 801(d)(2) is the same as its counterpart in the Federal Rules of Evidence with regard to party admissions, including adopted statements, statements by authorized agents, and those made by principals. M.R.E. 801(d)(2) provides that certain statements are not hearsay. Those statements include “(C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party’s agent ... concerning a matter ■within the scope of the agency or employment of the agent ... made during the existence of the relationship.” M.R.E. 801(d)(2)(C), (D). The courts are divided on the treatment of prosecutors’ statements. Some follow the common law principle that “no individual should be able to bind the sovereign.” See, e.g., United States v. Zizzo, 120 F.3d 1338, 1351 n. 4 (7th Cir.1997). Bakshinian, in contrast, held that prosecutors can bind the sovereign. 65 F.Supp.2d at 1106. It is not necessary to decide among these divergent views because, in this instance, at least, the trial counsel’s argument underscores the different possibilities concerning the findings.
The majority imposes an unnecessary per se rule on cases in which “divers occasions” are alleged, rather than examining the individual facts to “identify and segregate those instances of alleged use of which Appellant was acquitted,” 61 M.J. at 193 (citation omitted), when the facts of record make that process crystal clear. They fail to apply judicial estoppel to the divergent positions of the Government, and they fail to distinguish this case factually from Walters. But for the prosecutor’s argument, this ease would be factually distinguishable from both Walters and Seider, but because the prosecutor’s arguments bind the Government, I concur in the result.