[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12614
Non-Argument Calendar

_____

D. C. Docket No. 04-00121-CR-J-32-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MOISES ARDILLA-TEPETATE,
ISRAEL ARDILLA,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(April 13, 2005)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Moises Ardilla-Tepetate and Israel Ardilla, brothers, appeal their respective convictions for multiple drug related offenses. Ardilla-Tepetate appeals his convictions for conspiring to distribute methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A), and distributing methamphetamine within 1000 feet of a school, 21 U.S.C. § 841(a)(1), (b)(1)(C); 21 U.S.C. § 860(a). Ardilla appeals his conviction for conspiring to distribute methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A), and possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A); 18 U.S.C. § 2. Ardilla also appeals his sentence. On appeal, the brothers argue that the district court plainly erred when it allowed testimony that two codefendants pleaded guilty and when it did not grant their motions for mistrial, a special instruction to the jury, or admit a codefendant's plea agreement. With regard to his sentence, Ardilla argues that the district court erred when it failed to give him credit for acceptance of responsibility and the benefit of the safety valve reduction and that the mandatory minimum sentence is unconstitutional. Ardilla argues in the alternative that his counsel was ineffective. We affirm.

## I. BACKGROUND

In April 2004, a grand jury indicted Ardilla, Ardilla-Tepetate, Samuel Ardilla, Jesus Campos-Reyes, and Hilarion Garcia-Arzate for conspiring to

2

distribute methamphetamine and multiple other drug offenses. Campos-Reyes and Garcia-Arzate pleaded guilty. In January 2005, the Ardilla brothers proceeded to trial.

At trial, Special Agent Joseph Aguilar testified as the first witness for the government. Aguilar related the events of the conspiracy and the sting operation that led to the arrest of the defendants. The testimony included details relating to the involvement of Campos-Reyes and Garcia-Arzate, who Aguilar testified were not on trial because they had pleaded guilty. No objection was raised to this testimony.

For the defense, Ardilla-Tepetate and Ardilla testified and asserted an entrapment defense. Ardilla also attempted to call Garcia-Arzate as a witness for the defense, but Garcia-Arzate asserted his Fifth Amendment right against self-incrimination. Because Garcia-Arzate had not yet been sentenced, the district found that Garcia-Arzate had validly exercised his Fifth Amendment right.

The three defendants then moved for a mistrial based on the elicitation by the government that Garcia-Arzate and Campos-Reyes had pleaded guilty. The district court denied the motion. The district court also denied Ardilla's proposed jury instruction, which instructed the jury members that they should assume Garcia-Arzate would have testified favorably for the defense. Finally, Ardilla

3

moved to submit Garcia-Arzate's plea agreement into evidence, and the district court denied the motion. The jury convicted Ardilla and Ardilla-Tepetate but acquitted Samuel Ardilla. The district court denied Ardilla's motion for a sentence below the statutory mandatory minimum and sentenced the defendants to the mandatory minimum sentence of 120 months of imprisonment.

## II. STANDARD OF REVIEW

This court reviews the evidentiary rulings of the district court and the denial of a motion for a mistrial for abuse of discretion. United States v. Novaton, 271 F.3d 968, 1005 (11th Cir. 2001); United States v. Ramirez, 426 F.3d 1344, 1352 (11th Cir. 2005). We also review a claim that the district court refused to give a requested instruction for abuse of discretion. United States v. Zlatogur, 271 F.3d 1025, 1030 (11th Cir. 2001). We review findings of fact under the Sentencing Guidelines for clear error and legal conclusions of the district court de novo. United States v. Crawford, 407 F.3d 1174, 1177-78 (11th Cir. 2005). An error raised for the first time on appeal is reviewed for plain error. United States v. Nash, 438 F.3d 1302, 1304 (11th Cir. 2006). To establish plain error, an appellant must show (1) error, (2) that is plain, and (3) that affects substantial rights. United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993). If all three conditions are met, we may only recognize the error if it "seriously affect[s] the

4

fairness, integrity or public reputation of judicial proceedings." Id. (internal quotations omitted) (alteration in original). "[T]he defendant bears the burden of persuasion with respect to prejudice or the effect on substantial rights." United States v. Monroe, 353 F.3d 1346, 1352 (11th Cir. 2003).

## III. DISCUSSION

Ardilla and Ardilla-Tepetate make several arguments on appeal. First, the defendants argue that the court plainly erred by allowing testimony that two codefendants, Campos-Reyes and Garcia-Arzate, pleaded guilty. Because neither Ardilla nor Ardilla-Tepetate objected to the testimony that Campos-Reyes and Garcia-Arzate pleaded guilty, our review is for plain error. Nash, 438 F.3d at 1304.

Use of "one person's guilty plea or conviction as substantive evidence of the guilt of another is improper." United States v. DeLoach, 34 F.3d 1001, 1004 (11th Cir. 1994). Evidence that a codefendant pleaded guilty may be admitted, however, if "1) the evidence serves a legitimate purpose and 2) the jury is properly instructed about the limited use they may make of it." Id. at 1003. One legitimate purpose is "to prevent the jury from reaching the erroneous inference that a co-defendant whom the evidence show[ed] was also culpable had escaped prosecution." Id. at 1004.

5

"[T]he admission of guilty pleas or convictions of codefendants or coconspirators not subject to cross-examination is generally considered plain error." United States v. Eason, 920 F.2d 731, 734 (11th Cir. 1990). Because neither Campos-Reyes nor Garcia-Arzate testified at trial, they were not subject to cross-examination. The admission of their guilty pleas was plain error, but that is not the end of our inquiry.

The defendants cannot establish that the error affected the defendants' substantial rights, because there is not a reasonable likelihood that the error affected the outcome in this case. Olano, 507 U.S. at 732, 113 S. Ct. at 1776. The defendants admitted their involvement in the conspiracy. The guilty pleas of Campos-Reyes and Garcia-Arzate were consistent with the defendants' theory of entrapment, and the district court instructed the jury that it could not consider one party's guilty plea as evidence of the guilt of another defendant.

Second, the defendants argue that the district court should have granted a mistrial based on the testimony that Campos-Reyes and Garcia-Arzate pleaded guilty. We reject this argument. As discussed previously, the defendants' substantial rights were not affected by the admission of the testimony, and the district court did not abuse its discretion when it denied the motion for a mistrial. Ramirez, 426 F.3d at 1353.

Third, Ardilla argues that the district court erred when it refused to give his proposed curative instruction to inform the jury that Garcia-Arzate had information that would tend to support the entrapment defense. We review a claim that the district court refused to give a requested instruction for abuse of discretion. United States v. Zlatogur, 271 F.3d 1025, 1030 (11th Cir. 2001). The appellant is entitled to relief only where (1) the rejected instruction was substantively correct, (2) the actual charge to the jury did not substantially cover the proposed instruction, and (3) the failure to give it substantially impaired the defendant's ability to present an effective defense. Id. Because the proposed instruction would have told the jury, without any foundation, that the witness would have testified favorably for the defense and contrary to evidence that had been presented, the district court did not abuse its discretion.

Fourth, Ardilla argues that the district court erred when it refused to admit Garcia-Arzate's plea agreement. "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is affected." Fed.R.Evid. 103(a). Ardilla has not established how his substantial rights were affected by the exclusion of the plea agreement. The district court did not abuse its discretion.

Fifth, the defendants argue that we should reconsider United States v. Kuku,

129 F.3d 1435, 1437-38 (11th Cir. 1997). We cannot do so. It is well established that a panel of this Court cannot overrule the decision of another panel. United States v. Petho, 409 F.3d 1277, 1280 (11th Cir. 2005).

Finally, Ardilla makes three arguments regarding his sentence. First, Ardilla argues that the district court erred when it concluded that it was bound by the mandatory minimum sentence and did not sentence him under the safety valve provision, 18 U.S.C. § 3553(f). Ardilla argues that the record supports the application of that provision. Ardilla contends that he provided the government with all relevant information and that the district court found that he was not a leader or an organizer and that the information Ardilla gave to the investigators was true. Because Ardilla did not raise this issue in the district court, our review is for plain error. Nash, 438 F.3d at 1304.

In drug trafficking crimes, the safety valve, 18 U.S.C. § 3553(f), incorporated into the Guidelines at section 5C1.2, directs a sentencing court to impose a Guidelines sentence "without regard to any statutory minimum sentence," if, "after the [g]overnment has been afforded the opportunity to make a recommendation," the court finds that the defendant meets five criteria. 18 U.S.C. § 3553(f). Those factors require that: (1) the defendant has no more than one criminal history point; (2) no violence was used in the offense, and the defendant

8

did not possess a firearm "or induce another participant to do so" in connection with the offense; (3) "the offense did not result in death or serious bodily injury to any person;" (4) "the defendant was not an organizer, leader, manager, or supervisor of others in the offense . . . and was not engaged in a continuing criminal enterprise;" and (5) "the defendant has truthfully provided to the [g]overnment all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." Id. "The burden is on the defendant to show that he has met all of the safety valve factors." United States v. Johnson, 375 F.3d 1300, 1302 (11th Cir. 2004).

Ardilla meets the first and third requirements because he had only one criminal history point and no death or serious bodily injury occurred, but he fails to satisfy the other three criteria. Ardilla has not established that he did not induce Campos-Reyes, who was carrying a firearm during the offense, to carry the firearm nor has he shown that he was not an organizer or leader or that he was not engaged in a continuing enterprise. Ardilla has not established that he qualified for the safety valve.

Alternatively, Ardilla argues that the record is sufficiently developed for a finding that his counsel was ineffective for failure to raise expressly the safety

valve provision. We will not consider ineffective assistance of counsel claims on direct appeal unless there is sufficient evidence on the record. See United States v. Andrews, 953 F.2d 1312, 1327 (11th Cir. 1992). Because Ardilla did not raise the issue of the safety valve in the district court, the record is not sufficiently clear to determine how the court would have ruled, and it is likewise unclear whether counsel was ineffective or any alleged ineffectiveness caused Ardilla harm. We do not address this argument.

Third, Ardilla argues that the district court erroneously concluded that he was not entitled to a reduction for acceptance of responsibility under section 3E1.1 of the Guidelines. Section 3E1.1 directs the district court to decrease a defendant's offense level by two points if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Ardilla argues that the district court erroneously concluded that he was not eligible for the reduction because he raised a defense of entrapment at trial. With a reduction for acceptance of responsibility, Ardilla's Guidelines sentencing range would have been 121-151 months of imprisonment. The district court sentenced Ardilla to the statutory mandatory minimum sentence of 120 months of imprisonment. See 21 U.S.C. § 841(b)(1)(A). Because any alleged error would be harmless, we do not address Ardilla's argument.

Finally, Ardilla argues that the mandatory minimum sentence in his case violates "not only the constitutional doctrine of separation of powers, but also [Ardilla's] rights to due process and equal protection and to be free from cruel and unusual punishment." As Ardilla acknowledges, this argument is foreclosed by precedent. See, e.g., United States v. Raad, 406 F.3d 1322, 1324 (11th Cir.) cert. denied, 126 S. Ct. 196 (2005); United States v. Holmes, 838 F.2d 1175, 1177-79 (11th Cir. 1988).

## IV. CONCLUSION

The convictions and sentence are

**AFFIRMED.**