[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 28, 2008
THOMAS K. KAHN
CLERK

No. 06-16480
Non-Argument Calendar

_____

D. C. Docket No. 03-20155-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOCTOR JAVIER GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 28, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Doctor Javier Garcia appeals his convictions for three conspiracy crimes.

Garcia argues that the district court erred when it permitted the government to impeach Garcia's co-defendant Junior Rafael Corrales with Corrales's convictions regarding the same conspiracy that was the basis of the charges against Garcia. We affirm.

When the government cross-examined Corrales about his convictions, Garcia objected that the subject was "beyond the scope" of his direct examination. Garcia now argues that the district court undermined his mistake-of-fact defense when it allowed the government to impeach Corrales with his conspiracy convictions. Garcia's failure to raise this argument in the district court bars relief unless Garcia establishes a plain error that "seriously jeopardized [his] substantial rights." United States v. King, 505 F.2d 602, 605 (5th Cir. 1974).

The district court did not plainly err by permitting the government to question Corrales about his convictions. Evidence of the convictions allowed the jury to assess fairly Corrales's testimony and corrected the impression that Corrales was acting as a confidential informant and was not a participant in the conspiracy. See United States v. Deloach, 34 F.3d 1001, 1004 (11th Cir. 1994). Although the court did not instruct the jury about the limited use of the convictions, "the absence of a cautionary instruction alone does not warrant a conclusion of plain error." King, 505 F.2d at 607. The government briefly

inquired into Corrales's convictions to establish that Corrales's actions were not sanctioned by the government, and the government did not insinuate that Corrales's guilt incriminated Garcia. See King, 505 F.2d at 609 (citing United States v. Rothman, 463 F.2d 488, 490 (2d Cir. 1972)); Deloach, 34 F.3d at 1004. The evidence did not preclude Garcia from presenting his mistake-of-fact defense that he believed he was acting in concert with Corrales to build a drug trafficking case for the Drug Enforcement Agency. See King, 505 F.2d at 609.

Garcia's convictions are **AFFIRMED**.