[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12017
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20672-CMA-6


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

CHANTAL ETIENNE,

                                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 6, 2014)

Before TJOFLAT, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

    Chantal Etienne appeals her conviction for conspiring to defraud Medicare.

18 U.S.C. § 1349.  Etienne challenges the sufficiency of the evidence to support

her conviction; the denial of her motion for a mistrial; the denial of her request for a jury instruction on good faith; and the validity of an order appointing appellate counsel. Etienne also argues, for the first time, that the district court should have declared a mistrial based on the prosecutor's closing arguments about a coconspirator's guilty plea and Etienne's theory of defense. We dismiss for lack of subject-matter jurisdiction Etienne's appeal of the order appointing appellate counsel because she failed to mention that order in her notice of appeal, and we affirm Etienne's conviction.

Viewed in the light most favorable to the prosecution, the evidence supported the finding of the jury that Etienne conspired to submit false claims to Medicare using treatment notes signed by her or on her behalf that falsely reported she had provided physical therapy to patients at two clinics owned by Rosina Cheverez. See id. §§ 1349, 1347; United States v. McNair, 605 F.3d 1152, 1195 (11th Cir. 2010). Etienne knew she was signing false treatment notes. Three of Etienne's coconspirators, Yaquelin Usan, Barbara Mendez, and Christopher Smith, testified that Etienne had complained to them about signing treatment notes stating that she provided therapy she had not given and that she saw more patients than she could possibly treat. Smith, another therapist, testified that he was told when hired that he would sign treatment notes for patients whom he would not treat; he used false notes prepared by a secretary or office manager from a template; and he

2

signed 14 to 16 false notes daily and received a bonus if he signed more than 20 notes. Etienne's treatment notes overstated her working hours and patient load. Usan testified that Etienne worked two to three hours about three days a week on which she would provide therapy for 6 to 10 patients and sign between 9 and 12 false notes, and Mendez admitted that she signed false notes on Etienne's behalf. Agent Joshua Hawkins of the Federal Bureau of Investigation testified that Etienne's signature appeared on most of the more than 3,000 treatment notes used by the clinics; he compared Etienne's signature with certified copies of her driver's license and passport, which he identified at trial; he noticed that many of Etienne's notes contained identical progress reports and patient statements; and Etienne misrepresented having worked 22, 40, and 60 hours on three particular days. Etienne also profited from her fraud. Agents Hawkins and Mary Franklin testified that Etienne had formed a business, KC Staffing, that she used to open bank accounts into which she deposited more than $270,000 in checks from the clinics, and Franklin identified those checks at trial. Etienne argues that the government should have used a handwriting expert to verify her signature, but the jury could have inferred that Etienne's signatures on the checks and treatment notes were genuine by comparing them with the signatures on her identity documents. See Fed. R. Evid. 901(b)(3). The jury reasonably found Etienne guilty based on her

knowing participation in the conspiracy.  See United States v. Mateos, 623 F.3d 1350, 1362 (11th Cir. 2010).

The district court did not abuse its discretion when it denied Etienne's motion for a mistrial.  Etienne argued that the prosecutor vouched for Usan, Mendez, and Smith when, in rebuttal to Etienne's closing argument, the prosecutor responded that the district court would "decide . . . if they're telling the truth" at sentencing, but the argument neither "placed the prestige of the government behind the witness[es] by making explicit personal assurances of [their credibility] or . . . implied that evidence not formally presented to the jury support[ed] the witness[es'] testimony."  See United States v. Arias-Izquierdo, 449 F.3d 1168, 1177–78 (11th Cir. 2006).  And the district court eradicated any possible prejudice by instructing the jury that they "should decide whether" to "believe or disbelieve any witness" and that the parties' arguments were "not evidence and [were] not binding."  See United States v. Lopez, 590 F.3d 1238, 1256 (11th Cir. 2009).

The district court also did not plainly err by failing sua sponte to declare a mistrial based on the prosecutor's closing arguments about a coconspirator's guilty plea and Etienne's theory of defense.  Etienne argues that the prosecutor imputed Smith's guilt to Etienne by stating that she had "complained about signing too many notes" with Smith, who "got caught" and "pled guilty," but the prosecutor was entitled to mention Smith's guilty plea as supporting his credibility and to

4

rebut an insinuation by Etienne that she and Smith had discussed having to treat too many patients instead of signing too many notes.  See United States v. DeLoach, 34 F.3d 1001, 1004 (11th Cir. 1994).  Etienne also argues that the prosecutor impermissibly shifted the burden of proof to her by appealing to the jury to use its "common sense" when determining whether Etienne provided "honest treatment" and whether "she [knew] other people were giving fake treatment, and she gave honest treatment, but she didn't get any of the money."  The prosecutor's argument highlighted that the evidence was inconsistent with Etienne's arguments that she overlooked her co-workers fraud and her signature had been forged on the false treatment forms and on checks deposited in her bank account.  See United States v. Bernal-Benitez, 594 F.3d 1303, 1315 (11th Cir. 2010).  The district court eliminated any possible prejudice caused by the prosecutor's argument by instructing the jury that "the fact that a witness has pleaded guilty to an offense is not evidence of the guilt of any other person" and that "[t]he defendant does not have to prove her innocence or produce any evidence at all" because "[t]he government must prove guilt beyond a reasonable doubt."  See id.

The district court did not abuse its discretion when it denied Etienne's request for a jury instruction on good faith.  There was no foundation in the evidence to support that instruction.  See United States v. Martinelli, 454 F.3d

1300, 1315 (11th Cir. 2006).  Etienne did not concede that she had signed false treatment reports; instead, she argued that she had been an honest employee whose signature had been forged on checks and false treatment reports.  In any event, "the subject matter of the requested instruction was substantially covered by" the instruction that the jury had to find that Etienne acted knowingly, willfully, and with the intent to defraud.  See id. at 1315–16.  That instruction necessarily required the jury to "rule out the possibility" that Etienne acted in good faith.  See id. at 1316.

Etienne challenges the order conditioning the appointment of appellate counsel on the sale of certain property, but we lack jurisdiction to review that order.  On May 5, 2013, Etienne filed a written notice stating that she was appealing her conviction and sentence imposed on April 24, 2013.  See Fed. R. App. P. 3(c)(1)(B).  Although the district court filed its order appointing appellate counsel on May 8, 2013, Etienne did not move to amend her notice of appeal to add the order appointing appellate counsel.  See Fed. R. App. P. 4(b)(1), (b)(4).  Because "this court has no jurisdiction to review . . . judgments or issues which are not expressly referred to and which are not impliedly intended for appeal," Whetstone Candy Co., Inc. v. Kraft Foods, Inc., 351 F.3d 1067, 1080 (11th Cir. 2003) (internal quotation marks and citations omitted), we dismiss Etienne's appeal of the order appointing appellate counsel.

We **AFFIRM** Etienne's conviction and **DISMISS** the appeal of the order appointing appellate counsel.