[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 7, 2009
THOMAS K. KAHN
CLERK

No. 08-12944
Non-Argument Calendar
_____

D. C. Docket Nos. 05-00259-CV-T-27MSS,
99-00078-CR-T-2

GERALD PAYNE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 7, 2009)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Gerald Payne, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *Payne v. United States*, 546 F. Supp. 2d 1312 (M.D. Fla. 2008). We granted a certificate of appealability on the issue of "[w]hether appellate counsel was ineffective for failing to argue that the trial court erred by enhancing appellant's sentence based on abuse of a trust position." Payne, who received the enhancement based on his status as a pastor, asserts his appellate counsel provided him with ineffective assistance by failing to challenge his two-level sentencing enhancement for abuse of a position of trust. He notes this Court reversed the abuse-of-trust enhancement given to one of his codefendants who was also a pastor in *United States v. Hall*, 349 F.3d 1320 (11th Cir. 2003).

An ineffective-assistance-of-counsel claim presents a mixed question of law and fact, which this Court reviews *de novo*. *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008). To prevail on a claim for ineffective assistance of counsel, a defendant must show (1) his counsel's performance was deficient, and (2) this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). An attorney's performance is deficient if he does not provide reasonably effective assistance. *Id.*, 104 S. Ct. at 2064. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.*

2

at 689, 104 S. Ct. at 2065. In evaluating an attorney's conduct, a court must avoid "the distorting effects of hindsight" and must "evaluate the conduct from counsel's perspective at the time." *Id.*, 104 S. Ct. at 2065.

The Supreme Court has held a criminal defendant's appellate counsel is not required to raise all nonfrivolous issues on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-54, 103 S. Ct. 3308, 3312-14 (1983). In so holding, the Court noted, "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.* at 751-52, 103 S. Ct. at 3313. Therefore, it is difficult for a defendant to show his counsel was ineffective for failing to raise certain issues on appeal, particularly if counsel did present other strong issues. *Smith v. Robbins*, 528 U.S. 259, 287-88, 120 S. Ct. 746, 765-66 (2000).

Section 3B1.3 of the Sentencing Guidelines provides for a two-level sentencing enhancement in a case in which "the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." Whether the defendant occupied a position of trust is judged from the perspective of the victims. *United States v. Garrison*, 133 F.3d 831, 837 (11th Cir. 1998). In the context of fraud, we have held abuse of a

3

position of trust occurs in two situations: "(1) where the defendant steals from his employer, using his position in the company to facilitate the offense, and (2) where a fiduciary or personal trust relationship exists with other entities, and the defendant takes advantage of the relationship to perpetrate or conceal the offense." *Id.* at 837-38 (quotations omitted).

In *Hall*, we held the defendant did not occupy a position of trust under the Sentencing Guidelines and reversed his U.S.S.G. § 3B1.3 sentencing enhancement for abuse of a position of trust. 349 F.3d at 1321. In determining whether Hall occupied a position of trust, we focused on the relationship between Hall and the victims from the perspective of the victims. *Id.* at 1325. Instead of presenting evidence to show there was in fact a personal trust relationship between Hall and one of the victims, the government relied solely on Hall's status as a pastor as the basis for the enhancement. *Id.* *Hall* was the first time this Circuit addressed the abuse-of-trust enhancement in the context of a defendant who is a pastor.

Payne cannot show deficient performance by his appellate counsel. Payne's appellate counsel did not have the benefit of this Court's opinion in *Hall* at the time he prepared Payne's direct appeal. Avoiding "the distorting effects of hindsight" and "evaluat[ing] the conduct from counsel's perspective at the time," it was not deficient performance for Payne's appellate counsel to conclude Payne

4

would likely not be successful in challenging his abuse-of-trust enhancement on appeal. *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. Payne's codefendants raised many other issues, and the case also presented a lengthy record. *See United States v. Payne*, No. 01-14746, manuscript op. at 3-5. Therefore, it was a reasonable strategy for counsel to focus this Court's attention on those issues that he felt were the strongest.

Because Payne's appellate counsel provided him with reasonably effective assistance, counsel's performance was not deficient.[1] Accordingly, we conclude Payne's appellate counsel did not render ineffective assistance by failing to challenge his abuse-of-trust enhancement on appeal, and the district court did not err in denying Payne's § 2255 motion as to this claim.

**AFFIRMED.**

---

[1] Because Payne has failed to meet the first prong of the *Strickland* test, we need not address whether he can meet the prejudice prong. *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).