[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 17, 2009
THOMAS K. KAHN
CLERK

No. 08-12688
Non-Argument Calendar

_____

D. C. Docket Nos. 06-08010-CV-IPJ-S
02-00405-CR-IPJ

NATHANIEL JONES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 17, 2009)

Before EDMONDSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Federal prisoner Nathaniel Jones appeals the district court's denial of his 28

U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We granted a

certificate of appealability on "whether the district court erred by finding that appellate counsel did not render ineffective assistance by failing to challenge the trial court's failure to comply with the procedures in 21 U.S.C. § 851(b)." Jones argues that, had his appellate attorney raised this issue on direct appeal, his case would have been remanded for resentencing, and that he was prejudiced by the district court's failure to comply with § 851(b). After thorough review, we affirm.

In a 28 U.S.C. § 2255 proceeding, we review legal issues de novo and factual findings for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). We review an ineffective assistance of counsel claim, a mixed question of law and fact, de novo. Payne v. United States, 566 F.3d 1276, 1277 (11th Cir. 2009).

To prevail on a claim for ineffective assistance of appellate counsel, a defendant must show that (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal. Shere v. Sec'y Fla. Dep't of Corr., 537 F.3d 1304, 1310 (11th Cir. 2008); see Philmore v. McNeil, 575 F.3d 1251, 1264 (11th Cir. 2009) (holding that claims for ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984)).

If a defendant fails to establish the deficient performance prong, we need not analyze the prejudice prong, or vice versa. Philmore, 575 F.3d at 1261.

In determining prejudice in ineffective-assistance-of-appellate-counsel cases, we review the merits of the claim the petitioner asserts his appellate counsel erroneously failed to raise. Id. at 1264-65. Counsel's performance is prejudicial if we find that "the neglected claim would have [had] a reasonable probability of success on appeal." Id. at 1265 (quotations omitted). "A 'reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

Pursuant to 21 U.S.C. § 841, it is unlawful for any person to knowingly and intentionally distribute a controlled substance. 21 U.S.C. § 841(a)(1). A person who distributes five or more kilograms of cocaine "shall be sentenced to a term of imprisonment which may not be less than [ten] years." Id. at § 841(b)(1)(A)(ii)(II). However, if a person "commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment." Id.

Pursuant to 21 U.S.C. § 851, if the government intends to seek an increased punishment based on one or more of a defendant's prior convictions, the

government must file an information with the district court and serve a copy of it to the defendant or defendant's counsel. 21 U.S.C. § 851(a)(1). The government must serve the copy before the defendant's entry of a guilty plea. Id. After the conviction, but before the pronouncement of sentence, the district court "shall" inquire from the defendant "whether he affirms or denies that he has been previously convicted as alleged in the information." Id. at § 851(b). The district court "shall inform [the defendant] that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." Id.

In United States v. Weaver, 905 F.2d 1466 (11th Cir. 1990), the defendant, on direct appeal, alleged that the district court erred because it failed to question him pursuant to § 851(b). See id. at 1481-82. Even though the district court did not specifically ask the defendant whether he had been previously convicted, as required by § 851(b), we affirmed the defendant's conviction and sentence. Id. at 1482. We held that the district court did not have to question the defendant about his conviction because, under the circumstances, the defendant's attorney "all but affirmed" the defendant's previous drug conviction. Id. We noted that: (a) the defendant's attorney informed the jury that the defendant had been previously convicted of drugs; (b) at sentencing, when the district court reviewed the

4

presentence investigation report ("PSI") with the defendant's attorney, the attorney did not object to the prior conviction; and (c) neither the defendant nor his attorney made any objections to the prior conviction listed in the government's information. Id. We further observed that the defendant's prior convictions were more than five years old. Id. Thus, we held that "even if [the district court] had not done all it was required to do under the statute" the imposition of an enhanced sentence would not be subject to attack based on § 851(e). Id. (emphasis added).

In this case, Jones cannot establish prejudice because, pursuant to Weaver, Jones did not have a reasonable probability of success on appeal. Similar to the defendant in Weaver, Jones knew about the § 851 enhancement and did not challenge the validity of his prior conviction. First, Jones did not object to the prior conviction, case number CR-94-C-0173-S, as listed in the government's § 851 information. Second, Jones signed the plea agreement which informed him that his statutory minimum was based on § 851. Third, Jones signed the guilty plea advice certification form, and indicated that he understood the mandatory minimum sentence provided by law. Fourth, at his plea hearing, Jones stated that he understood that he faced a mandatory minimum punishment of 20 years -- the term identified in 21 U.S.C. § 841(b)(1)(A) as the enhanced punishment for having a prior drug felony conviction. Finally, Jones did not object to the PSI which

5

detailed his prior conviction under case number CR-94-C-0173-S. Moreover, the PSI informed Jones that he faced a minimum term of 20 years' imprisonment based on the enhanced penalty provided in § 841(b)(1)(A) and § 851. Thus, based on all of these facts, Jones knew about the enhancement and "all but affirmed" his prior conviction. See Weaver, 905 F.2d at 1482. Therefore, the district court did not err by denying the claim because Jones would have lost on direct appeal. Accordingly, we affirm.

**AFFIRMED.**