[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 30, 2012
JOHN LEY
CLERK

No. 11-10484
Non-Argument Calendar

_____

D.C. Docket Nos. 1:09-cv-21806-MGC, 1:03-cr-20155-MGC-1

JAVIER GARCIA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 30, 2012)

Before CARNES, PRYOR, and KRAVITCH, Circuit Judges.

PER CURIAM:

Javier Garcia, proceeding pro se, appeals the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He contends that his counsel was ineffective in failing to (1) object to the government's submission of allegedly "tainted" transcripts to both the jury and mental health professionals who evaluated his competency before trial, (2) hire an independent psychologist to evaluate his competency, and (3) request discovery about an alleged confidential informant in the case. Garcia also contends that the district court violated Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992) (en banc), by failing to adequately dispose of all the constitutional claims he raised in his habeas petition.

I.

After a jury trial, Garcia was convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846; conspiracy to affect commerce by robbery, in violation of 18 U.S.C. § 1951(a); and conspiracy to use and carry a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(o). The district court sentenced him to 200 months of imprisonment and 5 years of supervised release. Garcia appealed his convictions, challenging only the government's impeachment of a co-

conspirator at trial. We affirmed those convictions. United States v. Garcia, 271 F. App'x 904, 905 (11th Cir. 2008) (unpublished opinion).

Garcia then sought habeas relief under 28 U.S.C. § 2255 asserting four grounds: (1) the government suborned perjury and submitted tainted evidence to the grand jury and at trial; (2) the government acted outrageously by "supplanting" a witness; (3) the government tampered with evidence; and (4) defense counsel was ineffective for failing to (a) move to dismiss the indictment based on the misconduct alleged in grounds 1 through 3; (b) conduct a proper investigation; (c) hire an independent psychologist; (d) object to perjured testimony; (e) move to suppress tainted evidence; (f) object to his "illegal" sentence; (g) pursue an insanity defense at trial; (h) hire an expert to analyze transcripts of recorded conversations, translated from Spanish to English, after being informed that the transcripts were inaccurate; (i) appeal any of these issues; and (j) forward him his criminal file.

This matter was referred to a magistrate judge, who issued a report recommending that Garcia's petition be denied. On the ineffective assistance of counsel grounds, the subject of this appeal, the magistrate judge found that Garcia's claims of counsel error were not prejudicial or were merely conclusory

allegations that were "bereft" of record support. Garcia objected to the magistrate's report and asserted numerous <u>Clisby</u> violations.

The district court conducted a <u>de novo</u> review and adopted the magistrate judge's report. Garcia filed a notice of appeal and a motion for a certificate of appealability, asking the district court to allow him to appeal all the issues he raised in his § 2255 motion and his objections to the magistrate judge's report. The district court granted Garcia a certificate of appealability as to "Ground IV" only, which is his ineffective assistance of counsel claims, but denied it as to "Grounds I, II, and III."

This Court dismissed Garcia's appeal for lack of prosecution in June 2011. Garcia submitted a motion to expand the certificate of appealability, but that motion was not filed with the Court because he had not moved to reinstate the appeal. In August 2011 this Court granted Garcia's motion to reinstate his appeal but he did not thereafter move to expand the certificate of appealability.

Garcia contends that his counsel was ineffective for failing to: (a) prevent psychological evaluators and the jury from reviewing "tainted" transcripts; (b) hire an independent psychologist; (c) request discovery about an alleged confidential informant in the case. He also contends that the district court violated <u>Clisby</u> by

4

adopting the magistrate's report, which failed to completely dispose of every claim he raised in his § 2255 motion.[1]

## II.

## A.

We review de novo the district court's ruling on an ineffective-assistance-of-counsel claim as a mixed question of law and fact. Payne v. United States, 566 F.3d 1276, 1277 (11th Cir. 2009). To make a successful claim under the Sixth Amendment for ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984).

To establish prejudice, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Marquard v. Sec'y, Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks omitted). When evaluating

---

[1] "Our review on the merits of a [habeas] petition is limited to those issues specified in a certificate of appealability." Pardo v. Sec'y, Fla. Dep't of Corr., 587 F.3d 1093, 1103 (11th Cir. 2009). Neither the district court nor this Court has issued Garcia a certificate of appealability on his Clisby claims. Therefore, we do not review those claims here. Murray v. United States, 145 F.3d 1249, 1250 (11th Cir. 1998).

prejudice, the court should look at the "entire evidentiary picture." See Agan v. Singletary, 12 F.3d 1012, 1019 (11th Cir. 1994). The petitioner will not carry his burden to establish prejudice by raising "bare allegations of deficient performance." Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993).

B.

First, Garcia contends that his counsel was ineffective by not objecting to Garcia's psychological evaluators' review of transcripts from audio and video surveillance during a reverse sting operation. Garcia claims the transcripts were altered to misattribute statements to him. He also contends that his counsel should have moved for a mistrial once prosecutors offered those transcripts as evidence to the jury. During the reverse sting operation, Miami-Dade police officers recorded numerous discussions with Garcia as he planned what he thought would be a four-man, armed robbery of a narcotics dealer to steal 25 kilograms of cocaine.

Garcia's bare allegations that the transcripts were altered without identifying which statements were misattributed to him fails to meet his prejudice burden. He also has not shown that but for the allegedly altered transcripts he would not have been found competent to stand trial. At least four separate reviews of Garcia found him competent to stand trial. The first psychologist, a private practitioner, found that he was feigning schizophrenic hallucinations. Evaluators

6

at the Federal Medical Center in Butner, North Carolina, who assessed him next, also initially believed he was malingering before they concluded that he was not competent to stand trial. They reversed that position, however, when federal prosecutors forwarded them affidavits of two of Garcia's co-defendants in the planned robbery who stated Garcia had intended to feign mental illness if prosecuted. Prosecutors also forwarded the evaluators transcripts of audio and video surveillance of Garcia during the reverse sting operation. Two later evaluations by a federal medical center in Minnesota and a private Florida psychologist also concluded he was competent to stand trial. Garcia has not proven that the transcripts—and not the affidavits—were the cause for either the Butner evaluators' reversal on Garcia's competency to stand trial or the competency determination by the two final evaluators. Likewise, Garcia cannot show that his counsel's failure to move for a mistrial following the presentation of the allegedly tainted transcripts prejudiced his case. His counsel objected to the transcripts' submission to the jury at trial, and the district court determined the proper remedy was a curative instruction. Following the prosecution's offering of the transcripts as evidence to the jury and during the general charge to the jury at the close of trial, the district court told the jurors that they were to determine whether the transcripts accurately reflected the conversations and the speakers'

identities based on the evidence. Garcia has not shown counsel error much less a prejudicial one.

Second, Garcia contends his counsel was ineffective for failing to hire an independent psychologist to determine his mental competency for trial. The crux of Garcia's argument is that the final doctor to evaluate him, Merry Haber, a private Florida psychologist, was not independent because the government apparently recommended her. Again, his bare allegations are insufficient to meet his prejudice burden. See Yeck, 985 F.2d at 542. Garcia presents no evidence that Haber was biased. Garcia also neglects the fact that every doctor who reviewed eventually came to the same conclusion: he was competent to stand trial. Garcia has not shown that an "independent" psychologist would have reached a different conclusion.

Third, Garcia contends that his counsel was ineffective for failing to request discovery about a confidential informant allegedly involved in the case who, according to Garcia, preyed upon Garcia's mental problems to recruit him into the planned robbery. Even if Garcia's claims were correct, they are of no constitutional consequence. The government presented significant evidence against Garcia at trial, specifically his repeated discussions about planning the robbery, his presence at the planned robbery scene, and the tools of the robbery

found on him, on his conspirators, and within and just outside their vehicles.[2]

Based on all of that evidence, Garcia cannot show any prejudice regarding discovery about the confidential informant's role. Information relating to a confidential informant who allegedly preyed upon Garcia's mental instabilities could be material if Garcia had presented an insanity defense at trial, which he did not. Garcia does argue that his counsel was ineffective for failing to present an insanity defense, but he waited to raise that issue in his reply brief. That is too late; the issue is waived. Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005) ("[A]rguments raised for the first time in a reply brief are not properly before a reviewing court." (quotation marks omitted)).

**AFFIRMED.**

---

[2]Specifically, Garcia had a stocking mask hidden in his right rear pants pocket. The other men who traveled with him to the planned robbery scene had a collapsible baton, a walkie-talkie, and latex gloves, all concealed in some manner. In the car Garcia was riding in officers found a stun gun, a roll of duct tape, a walkie-talkie, and a pair of gloves. Another car that his co-conspirators were riding in contained a knife, a pair of gloves, and a can of pepper spray. On the ground near the front passenger door of that car, officers found a loaded .357 Magnum revolver.