[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14863
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00689-TJC-MCR

GREGG JEFFERY WARDELL,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 22, 2017)

Before JULIE CARNES, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Gregg Wardell, a Florida prisoner serving a 30-year sentence for trafficking in an illegal drug, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (2012). The district court granted a Certificate of Appealability ("COA") for two issues raised in the petition:

> (1) Whether Petitioner's claim in Ground One that counsel was ineffective for failing to advise him of the twenty-five-year mandatory minimum sentence is procedurally barred from habeas review, and if not, whether Petitioner suffered from constitutionally ineffective assistance of counsel in not being so advised.

> (2) Whether Petitioner's trial counsel rendered ineffective assistance in the competency hearing as alleged in Ground Two, subparts (d) through (f),[1] and whether Petitioner was prejudiced as a result.

Upon review of the record and the parties' briefs, we affirm the district court's denial of Wardell's petition.

## I.

When a district court denies a habeas petition, we limit our review to the issues specified in the COA. Grossman v. McDonough, 466 F.3d 1325, 1335 (11th Cir. 2006). Whether a petitioner has procedurally defaulted a particular claim is a mixed question of law and fact, subject to de novo review. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). Likewise, exhaustion presents a mixed question of law and fact, which we review de novo. Fox v. Kelso, 911 F.2d 563, 568 (11th

---

[1]    In subparts (d) through (f) of his ineffective assistance claim, Wardell alleged that his trial counsel performed deficiently in failing to "object to [the trial court's] reliance on written reports, obviating a full competency hearing," "investigate available mental health reports and call experts to testify," and object to "antiquated 8-month old reports that could not reflect [Wardell's] 'present ability' to consult with counsel."

2

Cir. 1990).  An ineffective-assistance-of-counsel claim is also a mixed question of law and fact reviewed de novo.  Payne v. United States, 566 F.3d 1276, 1277 (11th Cir. 2009) (per curiam).

Before bringing a habeas action in federal court, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b), (c).  The exhaustion requirement is not satisfied unless the petitioner "properly raised the issue" in the state court.  Judd, 250 F.3d at 1313.

Under the procedural default rule, we are ordinarily barred from reviewing a claim "where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred." Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999) (per curiam).  Procedural default also arises when the petitioner did not exhaust the claim in state court, and state procedural law now obviously bars the unexhausted claim.  Id. at 1302–03. To overcome the bar arising from a procedural default, a petitioner must demonstrate either: (1) cause for the failure to properly present the claim, and actual prejudice from the default; or (2) a fundamental miscarriage of justice that would result if the claim is not considered.  Id. at 1306.

Wardell's claim that his trial counsel was ineffective for failing to communicate that he faced a twenty-five-year minimum mandatory sentence is

3

barred because he did not exhaust it in the state courts and it is now procedurally defaulted. Wardell did not raise this claim in his motion under Florida Rule 3.850. The only argument he made in that motion regarding his sentencing was that his counsel was ineffective for failing to inform him that, under Florida's "85% rule," he might only serve 8.5 years of the ten on offer. The state postconviction court granted an evidentiary hearing on this issue, at which Wardell attempted to introduce the issue of his counsel's failure to inform him of the twenty-five-year mandatory minimum. After some testimony on this subject, the court ruled that it was not relevant to Wardell's motion. In its written order, the court wrote that a "majority" of testimony and evidence at the hearing was "irrelevant to the limited issue upon which the evidentiary hearing was granted," and that it would "only address the issue raised" in the Rule 3.850 motion. It denied the 85% rule issue on the merits. The court of appeals issued a per curiam affirmance.

Wardell now argues that his claim regarding his trial counsel's failure to inform him of the twenty-five-year mandatory minimum was "part and parcel" of his claim regarding the 85% rule. We reject this contention. In order to exhaust his claim based on the mandatory minimum, Wardell needed to "<u>properly</u> raise[]" it in the state courts. <u>Judd</u>, 250 F.3d at 1313 (emphasis added). He did not do so when he made his claim based on the 85% rule. This case is indistinguishable from <u>Kelley v. Secretary for Department of Corrections</u>, where we ruled that a

4

habeas petitioner had not exhausted the claim for ineffective assistance of counsel that he attempted to raise on federal habeas where he had not mentioned the same ineffectiveness theory in his Florida Rule 3.850 motion.  377 F.3d 1317, 1350 (11th Cir. 2004).  This was true even though there was some testimony on that theory at his Rule 3.850 hearing.  Id.; see also Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989) (holding that a petitioner does not "fairly present" his claim "where the claim has been presented for the first and only time in a procedural context in which its merits will not [ordinarily] be considered").  Because Wardell's claim is now clearly untimely under Florida law, it is procedurally barred.  Wardell has not attempted to argue the existence of cause and prejudice or a fundamental miscarriage of justice.  Accordingly, we cannot reach the merits of his mandatory minimum claim.

## II.

To prevail on the merits of a claim of ineffective assistance of counsel, a habeas petitioner must show that: (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 2064 (1984).  A reviewing court need not address the performance prong of the test if the defendant cannot meet the prejudice prong and vice versa.  Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

Regarding the performance prong, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. We evaluate counsel's conduct from counsel's perspective at the time. Id. at 689, 104 S. Ct. at 2065. Judicial scrutiny of counsel's performance must be highly deferential. Id. at 689, 104 S. Ct. at 2065. As to prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068.

Strickland applies to claims that counsel was ineffective for not adequately challenging the defendant's competency. Lawrence v. Sec'y, Fla. Dep't of Corr., 700 F.3d 464, 477 (11th Cir. 2012). A petitioner must show that counsel's actions were not within counsel's reasoned professional judgment and that there was a reasonable probability of a different outcome had counsel acted effectively. Id. at 477–79.

Under 28 U.S.C. § 2254(d), a claim that was adjudicated on the merits in state court may not be granted unless the state-court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

6

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Regarding Strickland's performance prong, when a state prisoner raises an ineffective assistance claim on federal habeas review, "the commands of Strickland and § 2254(d) operate in tandem so that our review is 'doubly deferential.'" Tharpe v. Warden, 834 F.3d 1323, 1338 (11th Cir. 2016) (quoting Yarborough v. Gentry, 540 U.S. 1, 6, 124 S. Ct. 1, 4 (2003) (per curiam)).

Here, the state court's determination that Wardell did not receive ineffective assistance of counsel was neither contrary to, nor an unreasonable application of, Strickland or any other federal law. Wardell's claim is based upon the fact that trial counsel was unaware at the January 2004 competency hearing that Wardell had been adjudicated incompetent in another county (Hillsborough) and of the two expert reports — neither of which could rule out malingering — supporting that determination. Wardell was adjudicated competent at the January 2004 hearing. After learning of the Hillsborough adjudication, counsel took several steps to address his mistake: he brought the reports and adjudication to the trial court's attention in June 2004 (before trial); he requested that the trial court appoint the Hillsborough experts to evaluate Wardell's sanity; although the trial court refused to appoint those experts, counsel successfully persuaded the trial court to appoint another expert to evaluate Wardell (who could not do so because Wardell refused

to cooperate); and counsel unsuccessfully moved for another expert to examine Wardell on the eve of trial.  Wardell has not pointed to any authority to persuade us that the state postconviction court's determination that his counsel's performance was effective was contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts.[2]

Even if Wardell's trial counsel's performance had been deficient with regard to his competency, Wardell has failed to show prejudice under Strickland.[3]  Of the three reports that the trial court possessed in January 2004, one found that Wardell was competent and malingering, one withheld judgment on his incompetence but reported that he was uncooperative for reasons unrelated to psychosis, and one stated that he appeared incompetent but might have been malingering.  These reports were more recent than those of the Hillsborough experts.  Additionally, the record demonstrates that Wardell's counsel (after learning of his mistake) contacted one of the Hillsborough experts who wrote back that his testimony would be unhelpful to Wardell because he would testify to his suspicions that Wardell might have been malingering.  Thus, even if Wardell's trial counsel had

---

[2]    Wardell cites Blake v. Kemp, where we wrote that "[i]t should be beyond cavil that any attorney who fails altogether to make any preparations for the penalty phase of a capital murder trial deprives his client of reasonably effective assistance of counsel by any objective standard of reasonableness."  758 F.2d 523, 533 (11th Cir. 1985).  But this case is patently distinguishable: Wardell's counsel undertook voluminous curative efforts after the initial competency hearing, and this was not a capital sentencing proceeding.

[3]    The state postconviction court did not reach this prong of Strickland.

been aware of the Hillsborough County reports at the January hearing and obtained an oral competency hearing, it is unlikely that Wardell would have been adjudicated incompetent.  One of the experts stated that his testimony would be unhelpful to Wardell, and the other also had not been able to rule out malingering.  Further, the trial court judge, when presented with the written reports of the two Hillsborough County experts (which presumably reflect the oral testimony they would have given), was unpersuaded — noting that neither Hillsborough County expert had ruled out malingering.  Additionally, Wardell's failure to cooperate with the court-appointed expert that his trial counsel did arrange in October 2004 suggests that it would have been difficult to obtain more up-to-date expert testimony favoring Wardell even if an oral hearing had been secured.  Wardell did not show prejudice stemming from any error of counsel in failing to object to the court's reliance on old reports, failing to obtain a competency hearing, and failing to learn of the extant expert reports before the January 2004 hearing.

Accordingly, the decision of the district court denying Wardell's habeas petition is

AFFIRMED.

9