[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13993
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cr-00028-CAR-CHW-5

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

LACHIEVIOUS SMITH,
a.k.a. Chief,
a.k.a. Cheese,
a.k.a. Chiev,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 2, 2019)

Before MARTIN, NEWSOM and FAY, Circuit Judges.

PER CURIAM:

Lachievious Smith appeals his 200-month sentence, imposed after he pled guilty to one count of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2.  He argues for the first time on appeal that he was provided ineffective assistance of counsel during sentencing because his court-appointed counsel: (1) failed to assert any 18 U.S.C. § 3553(a) factors warranting a variance; (2) should have known that the court could vary downward from the guideline range even though he was classified as a career offender; (3) failed to offer mitigating evidence or argument based on his personal history and circumstances or the nature and history of the offense conduct; (4) failed to seek a full three-level reduction for acceptance of responsibility; and (5) should have argued that a downward departure was warranted because his criminal history category of VI overstated the seriousness of his past conduct.

Whether a defendant has received ineffective assistance of counsel is a mixed question of fact and law we review de novo.  *Payne v. United States*, 566 F.3d 1276, 1277 (11th Cir. 2009).  To succeed on an ineffective-assistance claim, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense.  *Id.*  The proper measure of attorney performance is "reasonableness under prevailing professional norms."  *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065 (1984).  Counsel is "strongly presumed" to have rendered adequate assistance and to have exercised

reasonable professional judgment. *Id*. at 690, 104 S. Ct. at 2066. To prove prejudice, a defendant must show that there is a reasonable probability that the outcome would have been different but for counsel's unprofessional errors. *Id*. at 694, 104 S. Ct. at 2068.

"Except in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance of counsel on direct appeal." *United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008) (alteration omitted) (quoting *United States v. Verbitskaya*, 406 F.3d 1324, 1337 (11th Cir. 2005)). Instead, a 28 U.S.C. § 2255 motion to vacate is preferable to direct appeal for deciding ineffective-assistance-of-counsel claims. *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693-94 (2003). We generally require that the district court have an opportunity to examine an ineffective-assistance-of-counsel claim raised by a defendant because the factual basis for such claims are "almost never developed before a direct appeal" and can be established on collateral review. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019) (citing *United States v. Arango*, 853 F.2d 818, 823 (11th Cir. 1988)).

Smith asserts that his counsel's failure to challenge his career-offender status and misstatement of the law regarding the consequences of that status amounted to ineffective assistance *per se,* thereby negating the need to further develop the record. That argument is unpersuasive. First, Smith points to objections or

arguments his counsel could have made against his career-offender status or in favor of a downward departure or variance. However, there is nothing in the record reflecting *why* counsel failed to raise those objections or arguments, the details of Smith's prior state-court convictions giving rise to his career-offender status, or the circumstances surrounding the plea agreement, all of which constitute evidence that could be elicited during an evidentiary hearing held on collateral review. Second, the absence of evidence regarding counsel's considerations and decision-making renders speculative any determination we may reach regarding the reasonableness of his conduct under prevailing professional norms. *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. Finally, the lack of relevant evidence makes it difficult to determine whether there was a reasonable probability that Smith would have received a different sentence absent the alleged errors. *Id.* at 694, 104 S. Ct. at 2068.

Because the record is devoid of evidence relevant to his ineffective-assistance claim, we decline to address the merits of that claim for the first time on direct appeal. *See Massaro*, 538 U.S. at 504, 123 S. Ct. at 1693-94; *Merrill*, 513 F.3d at 1308.

**AFFIRMED.**